FILED

11/15/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0011

DA 16-0011

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 298N

IN RE THE GUARDIANSHIP AND
CONSERVATORSHIP OF:

G.O.,

    An Incapacitated and Protected Person.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADG 12-014
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        John E. Seidlitz, Jr., Seidlitz Law Office, Great Falls, Montana

        James P. O'Brien, O'Brien Law Office, P.C., Missoula, Montana

    For Appellee:

        Kirk D. Evenson, Marra, Evenson & Bell, P.C., Great Falls, Montana

Submitted on Briefs:  September 14, 2016

Decided:  November 15, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 G.O. died on March 3, 2013. In the last years of his life, G.O. suffered from a rare form of cancer and diminishing mental capacity. On April 19, 2012, G.O.'s wife Lisa filed an emergency petition to appoint a guardian and conservator for G.O. The District Court appointed Lisa as G.O.'s conservator, and on June 27, 2012, granted Lisa's petition to modify G.O.'s transfer on death (TOD) beneficiary designations for five investment accounts. G.O.'s brothers, Doug and Bruce (Appellants), appeal from the Montana Eighth Judicial District Court's findings of fact, conclusions of law, and order to pay costs and disburse conservatorship assets. Appellants raise two issues: first, they argue the District Court improperly made Lisa a TOD beneficiary on the five investment accounts; and second, they argue the District Court lacked evidence establishing the first month of conservatorship expenses, but made findings on these expenses anyway.

¶3 The designation of TOD beneficiaries of an investment account does not create a present property interest in the beneficiaries. *In re Guardianship & Conservatorship of Anderson*, 2009 MT 344, ¶ 23, 353 Mont. 139, 218 P.3d 1220. Because the would-be beneficiaries lack a present property interest in the TOD prior to the death of the account holder, they also lack standing to challenge their removal as beneficiaries. *Anderson*,

¶ 26. Here, Doug and Bruce were TOD beneficiaries of three of G.O.'s five investment accounts held at Ameriprise Financial Services, Inc. Although the present appeal nominally stems from the District Court's order to pay costs and disburse conservatorship assets, the alleged error actually occurred, if at all, in the District Court's June 27, 2012, order modifying the TOD beneficiary designations on all five of G.O.'s investment accounts. Because G.O. was still alive at the time the designation of the TOD beneficiaries was changed, Doug and Bruce do not have standing to challenge the TOD beneficiary modification in the June 2012 order. *Anderson*, ¶ 26. We therefore decline to reach the merits of their argument.

¶4 Regarding Appellants' second alleged error, the District Court relied on bank statements from G.O. and Lisa's joint account to establish the costs from the first month of the conservatorship. Because Lisa was a co-owner of the account, the District Court rightly observed that she owed no fiduciary duties related to the use of the funds. Beyond the funds Lisa took from the joint account, the District Court did not find any additional costs during this first month of conservatorship. We review a district court's findings of fact for clear error. *Roland v. Davis*, 2013 MT 148, ¶ 21, 370 Mont. 327, 302 P.3d 91. A finding is clearly erroneous when it is not supported by credible evidence. *Roland*, ¶ 21. Because the bank statements are credible evidence that support the District Court's findings, we conclude that the District Court's findings are not clearly erroneous.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear

3

application of applicable standards of review. The District Court's findings of fact are not clearly erroneous.

¶6    We affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA